

# The Attórney General of Texas

June 26, 1979

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Travis B. Bryan, III
Brazos County District Attorney
P. O. Box 1186
Bryan, Texas 77801

Opinion No. MW-28

Re: Application of Open Meetings Act to a meeting of representatives of several government entities.

Dear Mr. Bryan:

You have asked for our opinion on the scope of the Texas Open Meetings Act, article 6252-17, V.T.C.S. Your specific question involves a meeting of several public officials to explore the possibility of consolidating one or more functions of tax offices of Brazos County and the City of Bryan. The meeting was attended by the county judge of Brazos County, one county commissioner, the mayor of the City of Bryan, one city councilman, the county tax assessor/collector, the acting city tax assessor/collector and the city finance director.

You advise:

> [The] officials present did not constitute a quorum of either the City Council of Bryan or the Commissioners' Court of Brazos County. The meeting was held for the purpose of informal discussions on the above mentioned matter only and it was expected that after discussion those in attendance would merely report back to their respective governmental bodies for further discussion by the bodies and/or action.

> No official action was to have been taken at this meeting nor could any action have been taken due to the lack of a quorum of either governmental body in attendance.

The Texas Open Meetings Act requires that, with certain exceptions, all meetings of governmental bodies be open to the public. Section 1 of the Act defines both "meeting" and "governmental body." It provides:

Sec. 1. As used in this Act:
(a)  "Meeting" means any deliberation between a quorum of members of a governmental body at which any public business or public policy over which the governmental body has supervision or control is discussed or considered, or at which any formal action is taken.

. . . .

(c)  "Governmental body" means . . . every Commissioners Court and city council in this state, and every deliberative body having rule-making or quasi-judicial power and classified as a department, agency, or political subdivision of a county or city. . . .

A quorum of neither the commissioners court nor the city council was present at this meeting. There is no indication that there was an attempt to circumvent the provisions of the Act by meeting in numbers less than a quorum as is prohibited by section 4(b). Accordingly, if the group is covered by the Open Meetings Act it must be a "deliberative body having rule-making or quasi-judicial power and classified as a department, agency, or political subdivision of a county or city." This portion of the statute was discussed in Attorney General Opinion H-467 (1974). It indicated that rule-making authority is legislative in nature and involves broad policy considerations. Quasi-judicial power involves the determination of the rights of one or more parties under a general rule, regulation, ordinance or statute. From the facts you have presented, we believe it is clear that the group did not have rule-making or quasi-judicial power. Accordingly, it is our opinion that the meeting of these public officials was not within the scope of the Open Meetings Act.

## SUMMARY

A meeting of various public officials is not within the scope of the Texas Open Meetings Act where there is not a quorum of the city council or commissioners court where there is no intent to circumvent the provisions of the Act by meeting in numbers less than a quorum, and where the group does not have rule-making or quasi-judicial power.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by C. Robert Heath
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
David B. Brooks
Susan Garrison
Rick Gilpin
William G Reid
Bruce Youngblood